```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES JACONO AND ROBERT MILLER    :        CIVIL ACTION
                                  :
              v.                  :
                                  :
UNITED STATES DEPARTMENT OF       :
HOUSING AND URBAN DEVELOPMENT     :        NO. 03-4981
```

**O R D E R**

**AND NOW**, this 2nd day of August, 2004, upon consideration of Plaintiffs' Motion for Attorney's Fees and Recovery of Deposit (Docket No. 32), and the Government's response thereto, **IT IS HEREBY ORDERED** that said Motion is **GRANTED** in part and **DENIED** in part as follows:

1. Plaintiffs' request for return of the $3000.00 deposited with the Clerk of Court on September 16, 2003 pursuant to Federal Rule of Civil Procedure 67, in accordance with the Court's Order dated September 16, 2003 (Docket No. 3), is **GRANTED**. The Clerk of Court shall return the $3000.00 to Plaintiff.

2. Plaintiffs' request for attorney's fees is **DENIED**.[1]

---

[1] This action was brought to enjoin the non-judicial foreclosure sale of a house (the "House") pursuant to the Single Family Mortgage Foreclosure Act ("Foreclosure Act"), 12 U.S.C. § 3751, et seq. The Amended Complaint asserted five counts and asked the Court to enjoin the foreclosure sale and declare that the Foreclosure Act violates the Fifth Amendment. Following discovery and the filing of dispositive motions, the Government informed the Court that it would not proceed against Plaintiffs on the basis of a non-judicial foreclosure. That being the case, the parties agreed that the Court no longer had jurisdiction over this matter, except with respect to the instant motion, and the Court dismissed the dispositive motions as moot. Plaintiffs have moved for

---

attorney's fees pursuant to 28 U.S.C. § 2412(d), which provides that:
> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The Supreme Court has explained that a "prevailing party" entitled to an award of attorney's fees "is one who has been awarded some relief by the court." Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res., 532 U.S. 598, 603 (2001).  The Supreme Court stated in Buckhannon that judgments on the merits and "settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees." Id. at 604.  The United States Court of Appeals for the Third Circuit has expanded its view of "prevailing party" to include a party which obtained a stipulated settlement which "(1) contained mandatory language, (2) was entitled 'Order,' (3) bore the signature of the District Court judge, not the parties' counsel, and (4) provided for judicial enforcement." John T. v. The Delaware County Intermediate Unit, 318 F.3d 545, 558 (3d Cir. 2003) (citing Truesdell v. Phila. Hous. Auth., 290 F.3d 159, 165 (3d Cir. 2002)).  This case has not resulted in any court ordered relief on the merits of Plaintiffs' claims, let alone a judgment, consent decree or stipulated settlement agreement.

   Plaintiffs contend that they are entitled to an award of their attorney's fees as a prevailing party even though they have not obtained judgment on the merits in their favor on any of their claims or reached a settlement agreement with the Government. Plaintiffs maintain that they are prevailing parties because they filed suit in order to prevent the non-judicial foreclosure of the House, and the Government consequently agreed not to proceed with non-foreclosure pursuant to the Foreclosure Act.  However, even assuming that the Government decided to forego non-judicial foreclosure solely because Plaintiffs filed the instant proceeding, that fact, by itself, is not enough to make Plaintiffs prevailing parties for the purposes of Section 2412(d).  Plaintiffs' argument apes the catalyst theory which was rejected by the Supreme Court in Buckhannon, i.e., that "a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct". See 532 U.S. at 602,

3.  This action is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(h)(3) as this Court no longer has jurisdiction of the subject matter of this action.

4.  The Clerk shall close this case for statistical purposes.

BY THE COURT:

_____
John R. Padova, J.

---

610 (holding that the "catalyst theory is not a permissible basis for the award of attorney's fees"); see also John T., 318 F.3d at 561 ("we read Buckhannon to reject the 'catalyst theory' whole hog."). Accordingly, Plaintiffs' request for attorney's fees pursuant to 28 U.S.C. § 2412(d) is denied.